UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

CASE NO.

JAY DONAHEY and SANDRA BERG,

    Plaintiffs

v.

CARL DAWKINS CAUGHMAN d/b/a
HILLTOP MOTEL

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND JURY TRIAL DEMANDED**

Plaintiffs, JAY DONAHEY ("DONAHEY") and SANDRA BERG ("BERG"), by and through their undersigned attorney, files this, their Complaint for Damages against Defendant, CARL DAWKINS CAUGHMAN d/b/a HILLTOP MOTEL (hereinafter, "CAUGHMAN"), and state as follows:

**INTRODUCTION**

1. This is an action by both Plaintiffs to recover unpaid minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA"); and, minimum wages under the Florida Minimum Wage Amendment ("FMWA"), Article X, §24 of the Florida Constitution.  Plaintiffs also bring claims for unpaid overtime under the FLSA.

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3. At all times pertinent to this Complaint, the Defendant owned and operated the Hilltop Motel in Valparaiso, Florida located at 434 Highway 190.

1

4. At all times pertinent to this Complaint, Defendant regularly owned and operated a business enterprise (motel), respectively, engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

5. Plaintiffs' work at the motel involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendant's business, and moved in interstate commerce. These materials included office supplies, telephones, credit card processing equipment, tools, electronic equipment, paper, bedding supplies, cleaners, and other materials necessary for the operation/cleaning of a motel. These materials were manufactured outside the State of Florida.

6. During the relevant time period, the Defendant employed at least two employees who were "engaged in commerce or in the production of goods for commerce," or "had employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. §203(s)(1)(A)(i). These materials also included office supplies, telephones, tools, cleaners, bedding supplies, computers, electronic equipment, paper, and other materials necessary for the operation of a motel unit/apartment rentals—and, were manufactured outside the State of Florida.

7. The Plaintiffs are entitled to the protections of the FLSA as they were "individually covered" by that statute. During their employment, they were required to use instrumentalities of interstate commerce on a regular and recurrent basis. The Plaintiffs used instrumentalities of interstate commerce (telephone) on a regular and recurrent basis to, *inter alia,* assist in the operating of the Defendant's motel, particularly as to motel guests physically residing outside of Florida. In addition, on a regular and recurrent basis, Plaintiffs processed credit card payments for the Defendant using instrumentalities of interstate commerce to make

calls and or connections (*via* telephone and/or broadband) to banks and credit card processors physically outside the State of Florida.

8. The Defendant is subject to the jurisdiction of this Court because it engaged in substantial and not isolated activity within the Northern District of Florida.

9. The Defendant is also subject to the jurisdiction of this Court because it operated, conducted, engaged in, and/or carried on business in the Northern District of Florida.

## VENUE

10. The venue of this Court over this controversy is based upon the following:

   a. The unlawful employment practices alleged below occurred and/or were committed in the Northern District of Florida and,

   b. Defendant were and continue to be a individual/business doing business within this judicial district.

## PARTIES

11. At all times material hereto, Plaintiff, DONAHEY was a resident of Okaloosa County, Florida, and was an "employee" of the Defendant within the meaning of the FLSA.

12. At all times material hereto, Plaintiff, BERG was a resident of Okaloosa County, Florida, and was an "employee" of the Defendant within the meaning of the FLSA.

13. At all times material hereto, the Defendant was conducting business in Okaloosa County, Florida.

14. At all times material hereto, the Defendant was the employer of the Plaintiffs.

15. At all times material hereto, Defendant was and continues to be an "employer" within the meaning of the FLSA, the Florida Minimum Wage Amendment (FMWA), Article X, §24 of the Florida Constitution, and Section 448.110 Florida Statutes.

16. At all times material hereto, Defendant failed to pay Plaintiffs wages in conformance with the FLSA or the FMWA.

17. Defendant committed a willful, malicious and unlawful violation of the FLSA and FMWA and, therefore, is liable for monetary damages.

18. At all times material hereto, Defendant was an "enterprise engaged in commerce" within the meaning of the FLSA, and was covered by that law.

19. At all times material hereto, the work performed by Plaintiffs was directly essential to the business performed by Defendant.

20. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

21. From 2012 and through about May 28, 2021, the Plaintiffs, were employed by the Defendant to provide a variety of services related to the Defendant's operation of a motel, including but not limited to cleaning, taking/processing reservations, management, housekeeping, maintenance, and customer service.

22. The Defendant's motel is frequently visited by out-of-state residents. Because Plaintiffs frequently worked in the Defendant's motel office, the Plaintiffs frequently would speak to motel guests (or prospective guests) who were outside the State of Florida, regarding motel business.

23. During Plaintiff, BERG's employment with the Defendant, she worked about 10 hours per day, seven days per week. The Plaintiff was typically scheduled to work 7 days per week, running all aspects of the Defendant's motel.

24. From about July 2016 to May 2021, BERG worked about 10,640 hours for which she was paid no minimum wages.

25. As he was paid nothing for the period of July 2016 to May 2021, BERG is entitled to $87,486 in minimum wages from the Defendant based on the applicable Florida yearly minimum wage rates.

26. BERG worked overtime in about 100 weeks (about half of them in 2021 and half in 2018). BERG is owed overtime for about 3,000 hours (about 30 overtime hours in each week). Excluding the amount for minimum wages set forth herein, BERG is owed overtime of $3,093.75 in 2018 ($4.13 overtime premium x 30 overtime hours x *about* 25 weeks) and $3,243.75 in 2021 ($4.33 x 30 overtime hours x *about* 25 weeks),

27. During Plaintiff, DONAHEY's employment with the Defendant, he worked about 10 hours per day, seven days per week. The Plaintiff was typically scheduled to work 7 days per week, running all aspects of the Defendant's motel.

28. From about July 2016 to May 2021, DONAHEY worked about 17,920 hours for which he was paid no minimum wages.

29. As he was paid nothing, DONAHEY is entitled to $149,329.60 in minimum wages from the Defendant based on the applicable Florida yearly minimum wage rates.

30. DONAHEY worked overtime in about 150 weeks. DONAHEY is owed overtime for about 4,560 hours (about 30 overtime hours in each week). Excluding the amount for minimum wages set forth herein, DONAHEY is owed overtime of $19,354.80.

31. Defendant failed to keep records in full compliance with the FLSA's recordkeeping requirements, with respect to the Plaintiffs.

32. During their employment, the Plaintiffs stayed in a room at the Defendant's motel as they were required by CAUGHMAN to live on the motel premises and respond to motel guest issues at all times of day and night.

33. During Plaintiffs' employment, the Defendant failed to pay them at or above the applicable minimum wage for hours worked.

34. Even though Plaintiffs worked in excess of forty hours per week, Defendant failed to pay them at the rate of time-and-one-half times the applicable minimum wage.

35. Defendant, CARL DAWKINS CAUGHMAN was a supervisor and manager/owner who was involved in the day-to-day operations of the defendant motel and was directly responsible for the supervision of Plaintiffs  Therefore, he is personally liable for the FLSA and FMWA violations.

36. Defendant, CARL DAWKINS CAUGHMAN was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiffs.

37. Plaintiffs have retained Bober & Bober, P.A. to represent them in this litigation and have agreed to pay the firm a reasonable fee for its services

**STATEMENT OF CLAIM:**

**COUNT I**

**VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)**

38. Plaintiffs reallege Paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39. Plaintiffs' employment with Defendant was to consist of a normal workweek for which they were to be compensated at or above the FLSA minimum wage.

40. 29 U.S.C. § 206 and requires that any employee covered by the FLSA be paid their minimum wages.

41. During Plaintiffs employment, Defendant paid them less than the statutory minimum wage for all work hours.

42. The Defendant acted willfully and maliciously in failing to pay proper minimum wages to the Plaintiffs.

43. As a direct and proximate result of Defendant's willful violation of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiffs respectfully request:

a. judgment in their favor for all unpaid minimum wages due;

b. liquidated damages;

c. attorneys' fees and costs pursuant to the FLSA;

d. post-judgment interest; and

e. all other and further relief this Court deems to be just and proper.

## COUNT II

### VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION

44. Plaintiffs reallege Paragraphs 1 through 37 as if fully stated herein.

45. Pursuant to Article X, Section 24 of the Florida Constitution, Defendant were required to pay Plaintiffs at least the applicable Florida minimum wage.

46. During Plaintiffs' employment, Defendant paid them less than the statutory minimum wage for all of her work hours. To be sure, Plaintiffs were paid no compensation.

47. The Defendant acted willfully and maliciously in paying Plaintiffs below the minimum wage.

WHEREFORE, Plaintiffs respectfully request that judgment be entered in their favor against the Defendant:

a. Declaring that Defendant violated Article X of the Florida Constitution, insofar as failing to pay Plaintiffs at or above the minimum wage;

b. Awarding Plaintiffs all back wages due and owing in the amount calculated above;

c. Awarding Plaintiffs liquidated damages in the amount equal to her back wages;

d. Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Finding that Defendant willfully violated Article X Fla. Const., and ordering Defendant to pay a $1,000.00 fine to the State of Florida for *each* such violation; and,

g. Awarding such other and further relief this Court deems to be just and proper.

## COUNT III

**<u>VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)</u>**

48. Plaintiffs realleges Paragraphs 1 through 37 as if fully stated herein.

49. Since Plaintiffs' date of hire with Defendant, in addition to their normal regular work week, the Plaintiffs worked additional hours in excess of forty (40) per week for which they were not compensated at the statutory rate of time and one-half.

50. Plaintiffs were entitled to be paid at the rate of time and one-half for their work hours worked in excess of the maximum hours provided for in the FLSA.

51. Defendant failed to pay Plaintiffs overtime compensation in the lawful amount for hours worked by them in excess of the maximum hours provided for in the FLSA.

52. Defendant knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.  Defendant also failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

53. As a direct and proximate result of Defendant's willful disregard of the FLSA, Plaintiffs were entitled to liquidated damages pursuant to the FLSA.

54. Due to the willful, malicious and unlawful acts of Defendant, Plaintiffs have suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages her reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs respectfully requests that judgment be entered in their favor against the Defendant:

    a.     Declaring that the Defendant have violated the maximum hour provisions of 29 U.S.C. § 207;

    b.     Awarding Plaintiffs overtime compensation in the amount calculated;

    c.     Awarding Plaintiffs liquidated damages;

    d.     Awarding Plaintiffs reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

    e.     Awarding Plaintiffs post-judgment interest; and

    f.     Ordering any other and further relief this Court deems to be just.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Date:  August 2, 2021.

                                          Respectfully submitted,

                                          BOBER & BOBER, P.A.
                                          Attorneys for Plaintiffs
                                          2699 Stirling Road
                                          Suite A-304
                                          Hollywood, FL 33312
                                          Phone: (954) 922-2298
                                          Fax: (954) 922-5455
                                          peter@boberlaw.com

                       By:    s/.  Peter Bober
                                PETER BOBER
                                FBN:  0122955